Shanley N. Egeth, J.
This proceeding was submitted for determination upon stipulated and agreed facts.
The tenant in this nonpayment proceeding occupied the premises under an effective lease from January 1, 1970 through December 31, 1972 which provided for a rental of $49.57 per month. The rent commission records indicate that on December 31, 1971 the maximum rent for the subject premises was $59.57 pursuant to an order of maximum base rent wMch under its terms provided that said rent was not collectible by the landlord from the tenant on said date and would not be collectible until the expiration of the lease.
On January 8, 1973 the tenant procured an order from the rent commission continmng a semor citizen rent increase exemption previously granted for the year 1972, By virtue thereof *283 the tenant’s proper rent is the “ maximum collectible rent ” as of December 31, 1971 if it exceeds the sum of $47.88, one third of the tenant’s monthly disposable income. (Administrative Code of City of New York, § Y51-5.0, subd. n, par. [3]; Local Laws, 1970, No. 31 of City of New York as amd. by Local Law No. 51 of 1972.)
The parties have agreed in writing as to the basic facts set forth herein. They further agree that the rent presently payable should be the rent properly fixed upon computation of the tenant’s senior citizen exemption for year 1972. They have, accordingly, referred to this court for determination the following single legal question: “ In computing the appropriate rent for the tenant’s Senior Citizen Exemption as of December 31, 1971 should the lease rent of $49.57, or the theoretical Bent Commission maximum rent of $59.57, be utilized! ”
The applicable provision of the City Bent and Behabilitation Law authorizing the senior citizen exemption directs that the landlord may only collect as rent the greater of ‘ ‘ one-third of the [tenant’s] aggregate disposable income ” or “ the maximum collectible rent in effect on December thirty-first of the year preceding the effective date of the order ”. (Local Laws, 1972, No. 51 of City of New York, subd. n, par. [3]; Administrative Code, § Y51-5.0, subd. n, par. [3].)
Inasmuch as the computation of one third of the tenant’s disposable income is less than either the lease rent or the amount of rent authorized in the rent commission order above described, whichever of said rents is the “ maximum collectible rent,” is the appropriate rent to be fixed as the senior citizen exemption.
This court determines that “ maximum collectible rent ” as defined in the statute is not necessarily the same as 1 ‘ maximum rent.” “ Maximum rent ” under the rent statute is the greatest lawful amount which the rent commission authorizes a landlord to collect from a tenant in rent for a particular residential premises.
In a number of instances, including this case, a landlord may agree to accept a lesser amount. Where there is a lease for less, the landlord pursuant to such a contractual agreement, may only collect the lease rent. In these circumstances the ‘ ‘ maximum collectible rent ’ ’ is the lease rent and not the theoretical rent commission legal maximum rent for the particular apartment. (See Matter of Hartley Holding Corp. v. Gabel, N. Y. L. J., June 17, 1965, p. 14, col. 5, affd. 25 A D 2d 819.)
The statute clearly mandates utilization of the “ maximum collectible rent ’ ’ in computing the senior citizen exemption. The *284 1 ‘ maximum collectible rent” as of December 31, 1971 was the lease rent of $49.57. Accordingly, this tenant’s appropriate rent is $49.57.
Final judgment is granted to the landlord for the unpaid rent for the months of March, April and May, 1973 at the rate of $49.57 per month, making a total sum of $148.71. Issuance of a warrant is stayed for 10 days following service of a judgment entered pursuant to this decision.